MEMORANDUM **
Jesus Javier Ramos-Soto appeals his conviction of possession with intent to distribute marijuana. Ramos-Soto challenges the district court’s denial of his two motions to suppress and his motion to *579 dismiss. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]
Ramos-Soto claims that the district court erred in holding that he lacked standing to challenge the search of the vehicle in which he was smuggling narcotics.[2] The district court relied on Ramos-Soto’s flight from the vehicle to determine that he had abandoned it. While flight alone would not be a sufficient basis for concluding Ramos-Soto lacked standing, he abandoned a vehicle which he neither owned nor leased and which he had been in only once; therefore, the district court’s determination that he was not entitled to challenge the search was not error. See Rakas, 439 U.S. at 148, 99 S.Ct. 421 (holding that defendants had no legitimate expectation of privacy in a vehicle in which they “asserted neither a property nor a possessory interest”); United States v. Nordling, 804 F.2d 1466, 1469 (9th Cir. 1986) (“[PJersons who voluntarily abandon property lack standing to complain of its search or seizure.” (citation omitted)).
Moreover, the district court did not err by denying Ramos-Soto’s motion to suppress statements made to Border Patrol agents. After a hearing, the district court properly determined that Ramos-Soto had been advised of his rights in accordance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and had waived them. See North Carolina v. Butler, 441 U.S. 369, 373, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979).
Finally, the district court also correctly determined that the forfeiture of the vehicle did not amount to the destruction of exculpatory evidence. Consequently, it properly denied Ramos-Soto’s motion to dismiss. See California v. Trombetta, 467 U.S. 479, 488-89, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts, we recite them only as necessary.

. The parties and the district court framed this issue as one of standing. However, as we have recognized before, see United States v. Nerber, 222 F.3d 597, 599 n. 1 (9th Cir.2000), the Supreme Court has cautioned against using a standing analysis to determine who is entitled to challenge a search, see Minnesota v. Carter, 525 U.S. 83, 87-88, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998). Since the Supreme Court's "long history of insistence that Fourth Amendment rights are personal in nature has already answered many ... traditional standing inquiries, ... definition of those rights is more properly placed within the purview of substantive Fourth Amendment law than within that of standing.” Rakas v. Illinois, 439 U.S. 128, 140, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).